## Amanda C. Erickson, Appellee, v. Marc Sherwood, Appellant.

### Gen. No. 17,076.

1. SALES—*recovery back of price.* On action for breach of a contract to repurchase stock at the price paid, $600, a verdict and judgment for $708 and costs is not sustained by the evidence where no evidence was offered as to the value of the stock at the time of tender, the tender was not kept. good, and there is no evidence of a transfer of the stock to the defendant but the plaintiff has both the stock and a judgment for the amount paid therefor and interest.

2. ASSUMPSIT—*what may be recovered therein.* On *assumpsit* for breach of contract to repurchase stock for the price paid, the plaintiff is not entitled to recover the price with interest but may only recover for the breach of the contract, the measure of damages being the difference between the contract price and the market price at the time and place of redelivery.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed June 14, 1912.

CRATTY BROS., JARVIS & HUDSON, for appellant.

HARRY A. DAUGHERTY and F. W. BALCOMB, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Amanda C. Erickson, appellee, brought an action in the Superior Court to recover from the defendant, Marc Sherwood, appellant, the sum of $600 with interest. The *praecipe* and summons in the case were for trespass on the case, and the declaration alleged damages occasioned by false representations as to the value of certain mining stock bought by the plaintiff of the defendant. Some six months later the plaintiff asked leave to amend by changing the form of action

to *assumpsit,* and thereupon an unsigned paper purporting to be a declaration was filed alleging that the defendant, Marc Sherwood, was a director of the America-Mexico Mining and Developing Company and represented that the properties of the company were worth $20,000,000 and induced the plaintiff, upon such representations, to purchase from the defendant 200 shares of its stock for $600, and agreed to repurchase the said 200 shares at the same price of the plaintiff, within a reasonable time thereafter. It avers that the plaintiff received dividends in excess of two per cent. a month for five months, but that on September 1st following the purchase of the shares the plaintiff tendered back the stock to the defendant and demanded the $600 which was refused.

The trial resulted in a verdict against the defendant and judgment thereon for $708, and costs, and the defendant Sherwood prosecutes this appeal.

In our opinion the evidence in this case does not sustain the verdict and judgment. The action is for an alleged breach of contract made between the plaintiff and the defendant for a repurchase of the stock sold by the defendant to the plaintiff whenever the plaintiff might desire to realize the money which she had invested in the 200 shares of stock. No evidence was offered to show the value of the stock on September 1, 1905, when the plaintiff claims that she tendered the stock back to the defendant and demanded her money. The tender, if made at that time, of the stock was not kept good and the title of the stock remains in the plaintiff. As a result of the judgment she has the stock which she purchased, and the judgment for the money and interest which she paid for the stock. There is no evidence of any assignment of the stock to the defendant, or of a transfer of it in any manner or form. The plaintiff was not entitled to recover the $600 with interest. If she is entitled to recover at all it is for a breach of the contract to repurchase. The measure of damages in the action, if it be maintained,

is the difference between the contract price and the market price of the stock at the time and place for the redelivery of the stock. No evidence appears in the record as to the market price at that time. The case was not tried upon any correct legal theory, and there is no basis in the evidence for the verdict and judgment.

Judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*